UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MELVIN WILMER DIAZ-CALDERON**,<br><br>Petitioner,<br><br>v.<br><br>**WILLIAM P. BARR, in his official capacity as the Attorney General of the United States, et al.**,<br><br>Respondents. | 2:20-CV-11235-TGB<br><br>**ORDER LIFTING STAY OF ORDER DATED SEPTEMBER 22, 2020** |

At a hearing conducted by video-conference on October 2, 2020, the Court heard argument from counsel pertaining to the Government's Motion for Reconsideration (ECF 39) and Petitioner's Ex Parte Motion to Quash Improper Hearing and Requiring Melvin's Immediate Release (ECF 41). The Court's best understanding of the positions of the parties was that they did not believe that the Immigration Court had jurisdiction to hold a bond and custody redetermination hearing by October 6, 2020, as required by this Court's Order of September 22, 2020, because—at that time—Petitioner's motion to re-open his removal was still pending before the Bureau of Immigration Appeals. In order to allow the parties the opportunity to brief this issue regarding the jurisdiction of the Immigration Court, the Court stayed its Order of September 22, 2020,

1

temporarily suspending its requirement that a bond and custody redetermination hearing must be held before the Immigration Court by October 6, 2020.

In the briefing submitted by the parties addressing the issue of jurisdiction on October 6, 2020, the parties reported that the Bureau of Immigration Appeals had issued a decision on October 5, 2020 remanding petitioner's case to the Immigration Court and granting petitioner's motion to re-open his order of removal. It now appears that the Immigration Court has lawful jurisdiction to conduct a custody redetermination and bond hearing.

Accordingly, the Court hereby **LIFTS** the **STAY** of its Order of September 22, 2020; wherefore all of the requirements of that **ORDER** are in effect, except that the Court hereby **AMENDS** the terms of that Order and further **ORDERS** as follows:

(1)   A custody redetermination and bond hearing shall be afforded to Petitioner before the Immigration Court within ten (10) business days of the date of this Order;

(2)   Such proceedings shall be consistent with this Court's Order of September 22, 2020, noting that the Government must show by clear and convincing evidence that Petitioner currently presents a flight risk or a danger to the community to justify his continued detention;

(3) Prior to the bond hearing, a copy of this Court's Order of September 22, 2020, as well as a copy of this Order, shall be provided by the parties to the Immigration Court;

(4) In the event that Petitioner is not released, the Court retains jurisdiction to grant habeas relief for the reasons set out in the Order of September 22, 2020.

**SO ORDERED.**

Dated: October 9, 2020     s/Terrence G. Berg
                           TERRENCE G. BERG
                           UNITED STATES DISTRICT JUDGE